50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis PAXINOS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-35261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 8, 1995.*
Decided March 15, 1995.
 
 Before: WRIGHT, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Dennis Paxinos ("Appellant"), on behalf of Joe C. Maple (who is deceased), appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). Appellant contends that the Secretary improperly denied disability benefits to Maple, and argues that Maple was disabled prior to the September 30, 1984 termination of his insured status. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 42 U.S.C. Sec. 405(g). We affirm.
 
 FACTS
 
 3
 On October 5, 1989, Maple applied for disability benefits. The application alleges a disabling condition as of April 1, 1980 and seeks benefits for the period from April 1, 1980 to September 30, 1984, the date on which Maple's insured status terminated. The application describes various disabling conditions without expressly alleging a disability due to alcohol consumption. However, Maple's condition as an alcoholic during the relevant 1980 to 1984 period was at issue below and is argued on appeal.
 
 
 4
 The Administrative Law Judge ("ALJ") who conducted Maple's hearing in August 1990 concluded that Maple had failed to demonstrate a disabling condition during the relevant period. Specifically, the ALJ concluded that during that period, Maple could perform his past relevant work as a carpenter and could perform a full range of medium work. The ALJ thus denied Maple's application and also denied his request for various consultative examinations.
 
 
 5
 The Appeals Council refused to review the ALJ's decision, although Maple presented additional evidence to support his argument of disabling alcoholism. After the ALJ's decision but before the denial of review, Maple died of cirrhosis and alcoholism. The Appeals Council's denial of review rendered the ALJ's decision the final decision of the Secretary.
 
 
 6
 Appellant, on behalf of Maple, appealed the Secretary's decision in district court. A magistrate judge recommended affirming the ALJ, and the district court did so after thoroughly reviewing the record, including the additional evidence presented to the Appeals Council.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 7
 The district court's grant of summary judgment in favor of the Secretary is reviewed de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The Secretary's denial of disability benefits "will be overturned only if it is not supported by substantial evidence or it is based on legal error." Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). "Substantial evidence" is " 'more than a mere scintilla,' " but " 'less than a preponderance.' " Id. (quotations omitted).
 
 
 8
 II. SUBSTANTIAL EVIDENCE SUPPORTS THE SECRETARY'S DENIAL OF DISABILITY OF BENEFITS TO MAPLE
 
 
 9
 In order to receive disability benefits, Appellant must show that Maple was "disabled" prior to the termination of his insured status. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (per curiam). It is not sufficient for Appellant to prove the existence of a physical or mental impairment; that impairment must result in an "inability to engage in any substantial gainful activity." 42 U.S.C. Sec. 423(d)(1)(A) (1988); see also Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1278 (9th Cir.1987).
 
 
 10
 We find a substantial basis for the ALJ's conclusion that Maple did not demonstrate that he was "disabled" under section 423 during the relevant period. Maple presented no evidence of his inability to work during the relevant period. Quite the contrary, Maple took college courses until financial constraints prevented it, he took care of his elderly mother, and he worked on cars at least into 1988. Moreover, his medical records during the relevant period did not indicate any limiting conditions that lasted anywhere near the statutorily required twelve months. See 42 U.S.C. Sec. 423(d)(1)(A). On the contrary, the records contained statements by Maple about his lack of symptoms related to any possible disabling condition, and an express statement by an examining physician that he could "resume all pre-hospital activities" following a leg injury.[1]
 
 
 11
 This court has previously rejected Appellant's argument that a claimant's burden of proof should be lowered because of the nature of an alcohol-induced disability. See, e.g., Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir.1990); Johnson v. Harris, 625 F.2d 311, 312 (9th Cir.1980). A showing that Maple did not work during the relevant period therefore does not satisfy his burden of showing that he could not work. Appellant's additional argument that Maple is entitled to benefits because his alcoholism was a "latent disability" has also been rejected in this circuit. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453 (9th Cir.1995) (rejecting "relation back" doctrine in context of a back injury, and criticizing the principal case relied upon by Appellant, Cassel v. Harris, 493 F.Supp. 1055, 1058 (D.Colo.1980)).
 
 
 12
 Finally, we conclude that the ALJ did not commit reversible error by denying Maple's request for consultative examinations. Even if such examinations would have indicated that Maple was an alcoholic prior to September 30, 1984, that would not have been sufficient to entitle him to benefits in light of the evidence described above, which indicates that he could perform relevant work while he was insured. See Tylitzki v. Shalala, 999 F.2d 1411, 1415 (9th Cir.1993) (" 'An uncontrollable addiction to alcohol may not prevent the person so addicted from undertaking gainful activity.' ") (quotation omitted).
 
 CONCLUSION
 
 13
 For the foregoing reasons, the district court's grant of summary judgment in favor of the Secretary is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ALJ also described Maple's denials of alcohol use. The district court agreed with Appellant that the ALJ should not have credited Maple's denials. With or without the denials, however, the evidence of Maple's alcohol use does not demonstrate his inability to perform his previous occupation. See Young v. Heckler, 803 F.2d 963, 966-67 (9th Cir.1986) (per curiam) (although "relatively little weight" should be given to claimant's testimony minimizing the effects of his alcohol use, denial of benefits is proper where substantial evidence supported ALJ's conclusion that claimant's "pattern of heavy drinking did not disable him from performing his prior work")