113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresa SHARP, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Administration, Defendant-Appellee.
 No. 95-36111.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided May 2, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV-94-1312-ALH; Ancer L. Haggerty, District Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 REVERSED.
 
 
 4
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER, District Judge**.
 
 
 5
 MEMORANDUM***
 
 
 6
 Teresa Sharp appeals from the district court's order affirming the decision of the Commissioner of Social Security Administration (Commissioner) denying her application for disability insurance and Supplemental Security Income benefits.[1] We have jurisdiction under 28 U.S.C. § 1291, and we reverse with directions.
 
 
 7
 Sharp alleged that she remains disabled by residual symptoms of a subarachnoid hemorrhage subdural hematoma from a ruptured aneurysm in August 1990, and experiences headaches, dizziness, nausea, shortness of breath, and tremors in her arms and hands.
 
 
 8
 Because our review of the Commissioner's decision is "essentially the same as that undertaken by the district court," Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985), we review de novo the district court's order upholding the Commissioner's final denial of benefits. Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir.1995). In turn, we review the Commissioner's decision under the substantial evidence rule. Id.
 
 I. Subjective Symptoms
 
 9
 Sharp argues that the ALJ's denial was not based on substantial evidence. In particular, Sharp argues that the ALJ improperly rejected her testimony about her incapacitation, failed to specify which of her claims were not credible, failed to provide "clear and convincing reasons" for rejecting her claims, and failed to base his conclusion on substantial evidence. We agree.
 
 
 10
 Sharp testified to a long list of subjective symptoms, including headaches, dizziness, shortness of breath, hand and arm tremors, occasional seizures and nausea. Most significantly, she testified that, on a scale of 1 to 10, 10 being a headache that makes you lie in bed moaning all day, her bi-monthly headaches were an 8, 9 or 10. Each of her symptoms recurs fairly frequently, and is potentially disabling in isolation, or in connection with the others. The ALJ lumped all of her symptoms together, then discounted their severity, concluding that Sharp had a tendency to exaggerate.
 
 
 11
 While the ALJ found that there was medical evidence documenting physical and mental impairments which could have caused "most if not all of the type of symptoms and limitations Ms. Sharp described," he concluded that she experienced those symptoms "to a lesser degree and with lesser resulting limitations than she asserted." Thus, in making his findings regarding Sharp's functional capacity for work activity, he only "partially credited her testimony regarding physical and mental residuals of her brain injury."
 
 
 12
 In finding that Sharp was not disabled, the ALJ also found discrepancies between her testimony and medical evidence from her treating and examining physicians. However, these inconsistencies, standing alone, are an insufficient basis to reject Sharp's testimony. As we stated in Smolen v. Chater, 80 F.3d 1273 (9th Cir.1996):
 
 
 13
 To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.
 
 
 14
 Id. at 1284 (citation omitted). The only reason in the record for the ALJ's discounting the severity of Sharp's symptoms is that he believed she was exaggerating. However, there is nothing in the record specifically contradicting her claims. Thus, the ALJ's reasoning appears to be, e.g., with respect to headaches, that Sharp's headaches must not be as bad as she claims because she has a tendency to exaggerate her symptoms.[2]
 
 
 15
 The ALJ's articulated reasons for rejecting Sharp's testimony do not meet the "specific, clear and convincing" requirement of Smolen. Id. at 1281 (citation omitted). The medical history notes of Sharp's treating physicians, when seen in their proper context, are not the "clear and convincing" evidence required. For example, the doctor's note that a patient had personality conflicts with prior physicians is not necessarily probative of a tendency to exaggerate and is taken out of context in that the doctor also stated she got along well with him. Similarly, in context, his statement that the patient is "histrionic" does not evidence a character trait to exaggerate, particularly since the statement was made in relation to the patient's reaction to a particular anti-seizure drug.
 
 
 16
 Close examination of the note regarding Sharp's tremors reveals, at worst, an ambiguous situation. The recording doctor was treating Sharp for seizures and not for tremors; thus, he may not have been paying close attention to the patient's tremors. Moreover, the note is in the present tense, indicating only what went on in the examining room. This note does not necessarily contradict Sharp's testimony, which was that she has "trouble with tremors a lot, off and on," and that her "hand and arms just start shaking uncontrollably that I can't stop them."
 
 
 17
 It is unnecessary to review each item of "contradictory" evidence relied on by the ALJ to support his conclusion that Sharp exaggerated her symptoms, since the parties are fully familiar with the administrative record. All are similar to those discussed above. Alone or in the aggregate, they do not amount to the "specific, clear and convincing" evidence we require as an articulated basis to reject Sharp's testimony of her subjective symptoms. Therefore, the ALJ erred in his findings that Sharp's testimony of her symptoms should be disbelieved. Those findings are not supported by substantial evidence.
 
 II. Other Issues
 
 18
 Among the other issues Sharp raises, is her contention that the ALJ erred in failing to consider her mother's testimony regarding Sharp's incapacitation.[3] We agree. Nowhere in his decision does the ALJ mention the testimony of Sharp's mother. "Disregard of the testimony of friends and family members violates [the regulations]." Id. at 1288 (citations omitted).
 
 III. Conclusion
 
 19
 Because the Commissioner's decision must be vacated, we need not address the remaining contentions of error raised by appellant. On remand, the Commissioner must decide whether Sharp is entitled to disability benefits, after giving her testimony of her subjective symptomology the credence to which it is entitled, and after giving due consideration to the testimony of any friends or family members.
 
 
 20
 Because the Commissioner's decision denying Sharp benefits is unsupported by substantial evidence, the district court erred in affirming it. The judgment is reversed, and the district court is directed to vacate and remand the Commissioner's decision for further proceedings consistent with this Memorandum.
 
 
 21
 REVERSED, with directions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court proceedings were conducted pursuant to a "Procedural Order for Social Security Review Cases," limiting the court's review to the administrative record under the substantial evidence rule
 
 
 [2]
 The ALJ referred to a number of specific "contradictions and exaggerations." They include:
 A treating neurologist reported "she had a difficult time with several prior physicians due to personalty conflicts...."
 A treating neurologist reported Sharp was "obviously histrionic...."
 The treating physicians' progress notes "contradict her testimony regarding the degree of problems she has experienced with ... tremors...."
 The same notes "contradict her testimony regarding the degree of problems she has experienced with vertigo...."
 "The psychological evaluation report showed Ms. Sharp has a medically determinable mental impairment, but the objective testing showed her cognitive and emotional limitations are significantly less severe than they were characterized in her testimony."
 A medical progress note "contradicts Ms. Sharp's testimony that she was forced to discontinue work ... due to full body tremors and an episode in which she passed out."
 
 
 [3]
 The Commissioner asserts that we should not consider this contention because Sharp failed to raise it in the district court, citing Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). That rule, however, recognizes three exceptions, including one when the question is one purely of law which does not require the development of a factual record. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). This issue fits into the question-of-law exception. Moreover, we deem it appropriate, as a matter of discretion, to address the issue because it is likely to arise again on remand