**James B. HILL, Plaintiff,**

v.

**John J. CALLAHAN,[1] Acting Commissioner, Social Security Administration, Defendant.**

**Civil No. 96–1619–FR.**

United States District Court, D. Oregon.

May 9, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of the Social

David B. Lowry, Portland, OR, for Plaintiff.

Kristine Olson, United States Attorney, Craig J. Casey, Assistant United States Attorney, Portland, OR, Richard H. Wetmore, Special Assistant United States Attorney, Social Security Administration, Seattle, WA, for Defendant.

## OPINION

FRYE, District Judge:

The plaintiff, James B. Hill, brings this action pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the decision of John J. Callahan, the Acting Commissioner of the Social Security Administration, denying his application for disability benefits under Title II of the Act and for Supplemental Security Income benefits under Title XVI of the Act.

Security Administration, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is substituted, therefore, for Shirley S. Chater as the defendant in this suit.

No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## BACKGROUND

James B. Hill filed an application for Supplemental Security Income (SSI) benefits under Title XVI of the Act on February 28, 1989. This application was denied on June 5, 1989. No appeal was filed by Hill.

Hill filed the application for disability benefits before this court on April 22, 1994, alleging that he became disabled on December 30, 1983. The application was denied initially and upon reconsideration. After a timely request for a hearing, Hill, represented by counsel, appeared and testified before an Administrative Law Judge (ALJ) on May 5, 1995, as did a medical expert and a vocational expert.

On June 30, 1995, the ALJ issued a decision finding that Hill was disabled within the meaning of the Act as of December 30, 1983, the day prior to the date on which Hill was last insured for disability insurance benefits under Title II.

On August 23, 1995, Hill requested a review of the decision of the ALJ on the grounds that the ALJ failed to address the issue of reopening Hill's application for SSI benefits under Title XVI of the Act which was denied on June 5, 1989.

On July 3, 1996, the Appeals Council notified Hill and his representative that it would reopen the decision of the ALJ issued on June 30, 1995 finding that Hill was under a disability as of December 30, 1983. In that notice, the Appeals Council proposed to issue a decision finding that Hill was not under a disability on or before December 31, 1983, the last date Hill was insured for disability insurance benefits under Title II of the Act. The Appeals Council further notified Hill that it would consider any comments or new and material evidence that Hill submitted within thirty days from the date of the notice.

The Appeals Council received and reviewed the new and material evidence that Hill submitted.

In a letter dated October 24, 1996, the Appeals Council advised Hill that it found no reason to review the decision pertaining to his claim for SSI benefits under Title XVI of the Act. The Appeals Council notified Hill that it would not disturb the favorable hearing decision on his application for SSI benefits dated March 25, 1994, but that it did not find good cause to reopen the decision denying his claim for SSI benefits under Title XVI on June 5, 1989.

On October 24, 1996, the Appeals Council issued a decision finding that Hill did not meet the requirements for a finding of disability as defined in the Act at any time on or before December 31, 1983 and was not entitled to disability insurance benefits under Title II of the Act.

In the action now before this court, Hill seeks to reverse (1) the decision of the Appeals Council that there was not good cause to reopen the determination on June 5, 1989 that he was not entitled to SSI benefits; and (2) the decision of the Appeals Council that he did not meet the requirements for a finding of disability as defined in the Act at any time on or before December 31, 1983.

## FACTS

James B. Hill was born on January 9, 1956. He completed the fifth grade and received a GED certificate while he was in the Job Corps after repeatedly taking the GED examination. His past work experience has been in the clean up of construction sites. Hill last met the requirements for entitlement to disability insurance benefits under Title II on December 31, 1983.

Hill testified at the hearing before the ALJ that he had problems with reading, and that he was not able to read a book without his wife's help.

At the hearing before the ALJ, Dr. Arthur N. Wiens, an independent psychologist, referred to in the record as a medical expert, testified that Hill met the criteria for disability under Listing § 12.08 because of a personality disorder. Dr. Wiens was asked if Hill had a personality disorder as far back as 1983. Dr. Wiens testified as follows:

A In the material that I reviewed, I was not able to determine what happened in '83. The personality disorder, I believe, goes back—has its origins in early developmental history and childhood. And the impulsiveness, aggressiveness, some of the other criteria for personality disorder it seemed to me were already evident when he was in grade school and in the history of the assaultive behavior—

. . . . .

Q So this has been a—something that's manifested itself early on and has continued. Is that correct, Doctor, in your opinion?

A That's my opinion.

T–93.

With the exception of a report prepared by Daniel J. Kinkead, D.C. in 1989, in which he discusses an accident that occurred in 1989, there are no medical reports dated earlier than 1994. None of the medical reports contain evidence of or refer to any physical impairments suffered by Hill in or before 1983.

Hill testified at the hearing before the ALJ that he had nerve numbness in his toes and in his arms; that he had constant back pain; and that he has been diagnosed with diabetes and vomits once or twice a week. Hill weighed 321 pounds at the time of the hearing and stood 6'1" tall. He testified that he suffers from depression and high blood pressure; and that he experiences dizziness on a daily basis for up to an hour, headaches three or four times a week, and crying spells once a week.

## CONTENTIONS OF HILL

Hill contends that the Appeals Council erred by not reopening the claim he filed on February 28, 1989 for SSI benefits which was denied on June 5, 1989. Hill contends that there is good cause for his failure to file an appeal from the adverse decision rendered on that claim because (1) he could not read or write in 1989; (2) his education is very limited; and (3) he has had a personality disorder since an early age. Hill further contends that the notice of denial of his claim for SSI benefits on June 5, 1989 did not advise him that if he failed to appeal from the denial of his claim, the decision would be final.

Hill also contends that there is not substantial evidence in the record to uphold the Appeals Council's reversal of the decision of the ALJ, who found that he was entitled to disability benefits under Title II of the Act. Hill contends that the Appeals Council erred in focusing solely upon the medical evidence and failed to recognize that lay evidence could establish the date of the onset of his disability once the medical expert stated that the mental impairment had existed since childhood.

## CONTENTIONS OF THE COMMISSIONER

The Commissioner contends that the notice of the denial of SSI benefits sent to Hill on June 5, 1989 was adequate, and that the Appeals Council properly concluded that good cause for reopening the earlier decision was lacking.

The Commissioner further contends that the medical evidence does not support a finding that Hill was disabled on December 30, 1983, the day prior to the date on which he was last insured for the purposes of disability insurance benefits under Title II of the Act. The Commissioner contends that Hill has not proven that he had a disability prior to December 30, 1983, and that the Appeals Council correctly found that his application for disability insurance benefits under Title II of the Act should be denied.

## STANDARD OF REVIEW

The burden of proof rests upon the claimant to establish entitlement to disability benefits. To meet this burden, the claimant must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his or her impairments are of such severity that the claimant is not only unable to do his or her previous work, but cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful work which exists in the national economy. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.1990).

The findings of the Commissioner are conclusive [42 U.S.C. § 405(g) ], and the decision of the Commissioner to deny benefits will be overturned only if it is not supported by substantial evidence or it is-based on legal error. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016 (9th Cir.1992). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but is "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). *Desrosiers v. Secretary of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir.1988).

## ANALYSIS

### *Reopening the June 5.1989 Denial of SSI Benefits*

Initially, Hill contends that the notice of denial of his SSI benefits on June 5, 1989 was not adequate notice under Acquiescence Ruling 92–7(9), in which the Social Security Administration follows the case of *Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir.1990). In *Gonzalez*, the court found that the initial determination of an ALJ can be reopened at any time if the notice of denial of social security benefits fails to advise the claimant that a final determination will result from a failure to appeal.

Hill testified at the hearing before the ALJ that he had not received this notice and contends that his mental incapacity provides good cause for his failure to file an appeal.

The Appeals Council concluded:

[T]he notice does not contain the defective language as identified in the *Gonzalez* ruling and, even if you did not receive this notice as you have recently alleged, you would not have been misinformed by that document on this appeal issue. The Council finds that you have not shown good cause for why you did not pursue this issue again until over four years later. Your representative further contends that the time limits for reopening should be disregarded under the provisions of Social Security Ruling 91–5p. This ruling requires that mental incapacity to understand the procedures for requesting appeal be found to establish good cause for missing the deadline. The record does not reflect such mental incapacity during the relevant period at issue. Therefore, the Council has concluded that the requirements set forth in the ruling concerning good cause for late filing are not met.

T–15.

An initial determination or decision may be reopened within two years of the date of the notice of the initial determination or decision if good cause is established. 20 C.F.R. §§ 416.1487–416.1489.

In *Gonzalez*, the court stated that "[t]he notice given in this case does not clearly indicate that if no request for reconsideration is made, the determination is final. We conclude that the notice violates appellant's fifth amendment right to due process." 914 F.2d at 1203. The notice sent to Hill on June 5, 1989 does not clearly indicate that if no request for reconsideration is made, the determination is final. *See* Exhibit A to Claimant's Memorandum in Reply. There is no showing that the notice given to Hill on June 5, 1989 was proper. Pursuant to Acquiescence Ruling 92–7(9), "the time limits for reopening and revising final agency determinations do not apply." *Id.* at 3.

Hill contends that he has established good cause to reopen his application for SSI benefits denied on June 5, 1989 because he

lacked the mental capacity to understand the procedures for requesting review.

Social Security Ruling 91–5p states, in part:

> In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the following factors as they existed at the time of the prior administrative action:
>
> —inability to read or write;
>
> —lack of facility with the English language;
>
> —limited education;
>
> —any mental or physical condition which limits the claimant's ability to do things for him/herself.
>
> If the claimant is unrepresented and has one of the factors listed above, the adjudicator will assist the claimant in obtaining any relevant evidence. The decision as to what constitutes mental incapacity must be based on all the pertinent facts in a particular case. The adjudicator will resolve any reasonable doubt in favor of the claimant.

*Id.* at 2.

In June of 1989, Hill did not have the ability to read and write; Hill had a limited education; and Hill had a psychological problem which affected his ability get things done for himself. There is reasonable doubt that Hill had the mental capacity to understand the procedures for requesting review. This issue is found in his favor.

The court will remand this action to the Commissioner to reopen Hill's application for SSI benefits denied on June 5, 1989 and to "take the action which would have been appropriate had the claimant filed a timely request for review." SSR 91–5p at 2.

*Disability Insurance Under Title II*

■ The court has reviewed the record relating to Hill's claim for disability benefits under Title II of the Act. The court concludes that there is substantial evidence to support the finding of the Appeals Council that "[t]he claimant was not disabled as defined in the Social Security Act at any time through December 31, 1983, the date he was last insured." T–11.

## CONCLUSION

The decision of the Commissioner is affirmed as to the claim for disability benefits under Title II of the Social Security Act. This action is remanded to the Commissioner to reopen the application for SSI benefits filed by Hill on February 28, 1989 and denied on June 5, 1989 and to "take the action which would have been appropriate had the claimant filed a timely request for review." SSR 91–5p at 2.