133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald LOFTIS, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant-Appellee.
 No. 96-36233.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1998.
Jan. 15, 1998.
 
 Before PREGERSON, TROTT and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Loftis ("Loftis") appeals the district court's denial of his appeal of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits under the Social Security Act ("Act"), 42 U.S.C. § 401 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. As the facts are known to the parties, we do not repeat them here.
 
 I.
 
 3
 In reviewing the district court's decision, we make a full review of the facts and an independent determination of the Commissioner's findings. Matney ex. rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). Our review of the administrative law judge's ("ALJ") denial of benefits is limited and we will overturn that decision "only if it is not supported by substantial evidence or is based on legal error." Id. In evaluating the evidence, we look at the record as a whole, but only the trier of fact can resolve conflicts in the evidence, "and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." Id. (citations omitted).
 
 II.
 
 4
 Loftis first contends that the Commissioner improperly evaluated his evidence of disabling pain. We reject this contention. In evaluating the intensity and persistence of pain, the Commissioner was required to consider all available evidence, medical and nonmedical. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); see also Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991).
 
 
 5
 Faced with the task of weighing conflicting evidence, the Commissioner concluded that Loftis has the residual functional capacity to perform light work activity that would allow for a sit/stand option and therefore was not disabled under the Act. See Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995) (stating that it is wholly within the province of the ALJ to weigh conflicting medical evidence). Substantial evidence supports the Commissioner's decision. Of the four doctors who examined Loftis, only one concluded that he could not engage in any gainful employment. The other doctors concluded that-Loftis should only avoid work activity that involved heavy lifting and strenuous exercise. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir.1993) (finding that physician's recommendation against heavy lifting did not imply that claimant was precluded from all work activity). The ALJ also considered nonmedical evidence including Loftis' submission that he could perform minimal household chores and enjoyed going for long walks, hunting and fishing. Therefore, the ALJ complied with his duty to consider all medical and nonmedical evidence in reaching his conclusion. Bunnell, 947 F.2d at 346.
 
 
 6
 Loftis further contends that the Commissioner gave insufficient reasons for finding him less than credible. The Commissioner may reject subjective pain testimony that is found to be lacking in credibility and must make specific findings to support this determination. Id. at 345. Here, the Commissioner made specific findings regarding Loftis' credibility which are supported by the record. The ALJ concluded that Loftis was able to engage in various activities which were inconsistent with his allegations of disability. Loftis offered evidence that he prepares some meals, does laundry, goes grocery shopping, drives, attends church, and enjoys going for long walks. Loftis also testified that he goes hunting and fishing, albeit with assistance. Taken as a whole, this evidence provides substantial support for the ALJ's conclusion that Loftis' complaints were not wholly credible. See, e.g., Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989).
 
 
 7
 Finally, we reject Loftis' contention that the Commissioner improperly discounted the opinion of his treating physician, Dr. Ellis. The medical opinion of a treating physician is entitled to special weight. See id. at 604. However, Dr. Ellis' own evidence is inconsistent. At first, Dr. Ellis indicated that Loftis was only prevented from work involving heavy lifting. Soon thereafter, Dr. Ellis changed his statements after Loftis had applied for disability benefits. Second, the Commissioner properly discounted Dr. Ellis' testimony because it conflicted with that of an orthopedic specialist who examined Loftis. See 20 C.F.R. § 404.1527(d)(5) (noting that generally more weight is given to the opinion of a specialist about medical issues related to his or her areas of specialty than to the opinion of a nonspecialist). Third, Dr. Ellis' opinion was inconsistent with the medical record as a whole. See, e.g., Andrews, 53 F.3d at 1043 (upholding ALJ's rejection of treating physician's opinion where it was contradicted by nontreating physicians); see also 20 C.F.R. §§ 404.1527(d)(4) (providing that the more consistent an opinion is with the record as a whole, the more weight it is accorded). Accordingly, the Commissioner did not improperly reject the opinion of Loftis's treating physician.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R