Soubinh VONGKHAMSENE, Plaintiff–Appellant,

v.

Larry G. MASSANARI *, Acting Commissioner of Social Security, Defendant–Appellee.

No. 00–15411.

D.C. No. CV–99–05684–SMS.

United States Court of Appeals, Ninth Circuit.

---

* Larry G. Massanari is substituted for his predecessor, Kenneth S. Apfel, as Acting Com-

Submitted Sept. 11, 2001 **.

Decided Nov. 5, 2001.

missioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

746

Before POLITZ,*** W. FLETCHER
and FISHER, Circuit Judges.

MEMORANDUM ****

Soubinh Vongkhamsene was 57 at the time of her 1997 hearing before an Administrative Law Judge (ALJ) for determination of eligibility for Social Security disability benefits. She presented evidence to the ALJ that she was diagnosed by her treating physician, Dr. Ware, with severe Post Traumatic Stress Disorder (PTSD) and depression, apparently stemming from her experiences being enslaved and witnessing her husband and other prisoners tortured in Laos.

Dr. Ware saw Vongkhamsene every two to three months for nearly two years. His notes reflect his diagnosis of PTSD and his treatment of her problems with sleeping, anger control and nervousness. In a medical source statement, Ware concluded that Vongkhamsene would be unable to maintain concentration for at least two hour increments, could not follow complex instructions and "will forget even simple things" and would have difficulty working with supervisors and co-workers due to an inability to control anger. Dr. Ware noted

that she could not read or count and could not withstand the stress associated with daily work. A state agency physician reviewed the medical evidence in the record and concluded that Vongkhamsene had a severe mental impairment.

The ALJ rejected the opinion of Dr. Ware because it was supported by "minimal" treatment notes. He further commented that he found Vongkhamsene's testimony "entirely incredible" because of several inconsistencies in her statements. Based on these conclusions, he concluded that Vongkhamsene did not have a severe disability in step two of the five-step analysis. We review these findings de novo to determine whether they are supported by substantial evidence in the record. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir.2000); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996).

■ An ALJ can reject the uncontradicted opinion of a treating physician only by giving specific, clear and convincing reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). This is the most demanding standard required in Social Security cases.

■ The ALJ did not point to any evidence in the record that contradicted Dr. Ware's opinions. The reason he gave for rejecting Dr. Ware's opinion was Dr. Ware's minimal treatment notes. We have held that an ALJ need not accept a physician's opinion if it is "unsupported by clinical findings." *Matney v. Sullivan*, 981 F.2d 1016, 1019–20 (9th Cir.1992). Dr. Ware treated Vongkhamsene eight times over a period of almost two years. Although his notes over that period of treat-

*** The Honorable Henry A. Politz, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

ment are not voluminous, they support his diagnoses. The extent of those notes alone does not create a clear and convincing reason for rejecting their content.

■ That the ALJ found Vongkhamsene to be "incredible" in her hearing testimony does not provide a clear and convincing reason for rejecting her physician's opinion where Vongkhamsene did not contradict that opinion. In any case, the ALJ's opinion that Vongkhamsene's testimony was not credible is not supported by substantial evidence. The ALJ based his opinion on several small discrepancies in her testimony that can be attributed to the interpretation problems evident throughout the hearing transcript, her inability to remember simple things (as stated by Dr. Ware) or the ALJ's own misreading of the record.[1] These discrepancies do not form clear and convincing reasons for rejecting the testimony of Vongkhamsene or the medical opinion of Dr. Ware.

■ The ALJ decision did not provide any reasons for rejecting the conclusion of the state reviewing physician that Vongkhamsene had a severe disability. This constitutes a reversible legal error. *See* Social Security Ruling 96–6p.

■ This court has discretion to remand a case for further evidence or to award benefits. We may direct an award where crediting the improperly rejected testimony would lead to a determination that the applicant was disabled, the record has been fully developed and further administrative proceedings would serve no useful purpose. *Smolen*, 80 F.3d at 1292.

■ Accepting the opinions of Dr. Ware and the state reviewing physician leads to a determination that Vongkhamsene had a severe impairment under step two of the five-step analysis. Social Security Ruling 82–63 indicates that a severe impairment, coupled with advanced age, limited education and no prior work experience generally leads to a finding of disability. In addition, accepting the diagnosis of PTSD and related affective disorders plus Dr. Ware's findings of severe functional impairments in the ability to maintain concentration, follow simple instructions, work with others and deal with the stress associated with daily work, leads to the conclusion that Vongkhamsene had a listed affective disorder. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.04B. The record is fully developed and further proceedings would serve no useful purpose. Accordingly, we reverse and remand for a determination of benefits.

REVERSED AND REMANDED FOR AWARD OF BENEFITS.

---

1. For example, the ALJ stated that a note in Dr. Ware's files that Vongkhamsene "still cooks" contradicts her own testimony that she does not cook. But the note in Dr. Ware's record states "dau cooks," not "still cooks."