**Larry SCHERSCHEL, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Commissioner of Social Security, Defendant–Appellee.**

No. 02–35156.
D.C. No. CV–00–06360–JMS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided Aug. 4, 2003.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

## MEMORANDUM *

Larry Scherschel appeals from the Social Security Administration's denial of dis-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ability and child's benefits. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

We review *de novo* a district court's grant of summary judgment upholding the Social Security Commissioner's denial of benefits. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001). The decision of the Commissioner must be affirmed if it is supported by substantial evidence and free of legal error. *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir.2001).

■ 1. Scherschel claims that because the ALJ failed to request a medical source statement regarding what Scherschel could still do despite the diagnosed impairments, he did not fulfill his duty to develop the record.

The Commissioner's regulations provide that "[a]lthough [the Commissioner] will request a medical source statement about what you can still do despite your impairment(s), the lack of the medical source statement will not make the report incomplete." 20 C.F.R. § 404.1513(b)(6). Here, the record was not incomplete. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). The evidence regarding Scherschel's impairments was not ambiguous, and the existing record was adequate to enable the ALJ to make an informed decision whether to grant or deny benefits.

■ 2. Scherschel claims that the hypothetical provided to the vocational expert by the ALJ was legally inadequate because the ALJ improperly rejected por-

tions of a treating physician's testimony and failed sufficiently to incorporate evidence concerning Scherschel's education and limitations.

The opinion of a treating physician may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). But "[t]he ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusionary and brief and is unsupported by clinical findings." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

■ The ALJ found that Dr. Hyde did not state an objective basis for his conclusions that Scherschel's concentration, persistence and pace were not good and that his IQ was low. This reason for rejecting some of Dr. Hyde's testimony was clear, convincing, and supported by the evidence.[1]

The hypothetical question posed to the vocational expert must set out all the limitations and restrictions of the claimant; otherwise, it will lack evidentiary value. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). The ALJ is free, however, to "accept or reject restrictions in a hypothetical question that are not supported by substantial evidence," and is not required to accept opinion evidence on the ultimate question concerning claimant's inability to perform work. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir.2001).

■ The ALJ's hypothetical did not misrepresent Scherschel's level of education. The hypothetical adequately accounted for Scherschel's limitations regarding his pace, inability to perform according to a schedule, and difficulty in working in the same room as others

---

1. Scherschel's claim that the ALJ rejected certain portions of Dr. Trueblood's opinion is

not substantiated by the evidence.

without becoming distracted, albeit not in the precise language Scherschel preferred. The father's testimony largely consisted of his predictions about whether his son could hold a job, not observations about what he had done in the past. These predictions did not need to be included in the vocational expert's testimony.

■ 3. Scherschel contends that the ALJ's finding that the two occupations identified by the vocational expert exist in significant numbers in the national economy was not supported by substantial evidence. According to the relevant regulation, "work exists in the national economy when it exists in significant numbers either in the region where [claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a). The regulation also states that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b).

Scherschel claims that the ALJ's determination was not based on substantial evidence because the vocational expert testified only regarding the number of jobs in the national economy for each occupation, not about the number of jobs in various regions of the country. The numbers quoted by the ALJ, however, indicated that the two jobs proposed by the vocational expert were neither isolated nor existed in relatively few locations. Such evidence is sufficient to sustain the ALJ's finding.

The judgment is AFFIRMED.