981 F.2d 1016
 39 Soc.Sec.Rep.Ser. 588, Unempl.Ins.Rep. (CCH) P 17128A
Tambra L. MATNEY, on behalf of Brent V. MATNEY, deceased,
* Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-35164.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 4, 1992.
Memorandum June 12, 1992.
Order and Opinion Dec. 16, 1992.
 
 1
 Ralph Wilborn, Eugene, OR, for plaintiff-appellant.
 
 
 2
 Kathryn A. Warma, Asst. Regional Counsel, Seattle, WA, for defendant-appellee.
 
 
 3
 Appeal from the United States District Court for the District of Oregon.
 
 
 4
 Before: WALLACE, Chief Judge, GOODWIN, Circuit Judge and CROCKER,** Senior District Judge.
 
 ORDER
 
 5
 The memorandum disposition filed June 12, 1992, 967 F.2d 588, is redesignated as an authored opinion by Judge Crocker.
 
 OPINION
 CROCKER, Senior District Judge:
 
 6
 Appellant, Brent V. Matney, appeals the order of the District Court affirming the final decision of the Secretary of Health and Human Services (Secretary) denying disability and Supplemental Security Income (SSI) benefits. The district court found that there was substantial evidence on the record to support the ALJ's finding that Mr. Matney was not disabled and not entitled to disability benefits or SSI. Mr. Matney raises a number of arguments challenging the ALJ's decision. The primary contentions are that the ALJ erred by disregarding the opinion of his treating physicians, and in finding that he could perform his past relevant work as a telephone sales representative. For the reasons stated below, we affirm.
 
 STANDARD OF REVIEW
 
 7
 The Court of Appeals considers the district court's decision but must make a full review of the facts and an independent determination of the Secretary's findings. Stone v. Heckler, 761 F.2d 530, 531 (9th Cir.1985). However, the scope of review of the ALJ's denial of benefits is limited. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984). The findings of the Secretary are conclusive [42 U.S.C. § 405(g) ], and the decision of the Secretary to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). Substantial evidence is "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but is "less than a preponderance." Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.1988). In evaluating the evidence, the reviewing court must look at the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. Gonzalez, 914 F.2d at 1200. The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. Richardson, 402 U.S. at 400, 91 S.Ct. at 1426-27; Allen, 749 F.2d at 579.
 
 DISCUSSION
 
 8
 The Social Security Act sets out a five-step sequential process for determination of a disability. If it can be determined that a claimant is disabled or not disabled at any point in the review, that finding is made, and the review is ended. Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 2290-91, 96 L.Ed.2d 119 (1987); 20 C.F.R. §§ 404.1520(a)-(e), 416.920(a)-(e). Matney now argues that error occurred at step 4 of the analysis when the ALJ determined that Matney could still perform his past relevant work as a telephone sales representative. He argues that the ALJ misapplied certain regulations and Social Security Rulings, and that proper application of these regulations and rulings requires a finding that his previous work as a telephone sales representative was not substantial gainful activity (SGA).
 
 
 9
 The record reveals that this issue was not raised before the ALJ or the district court. Because this issue was not raised below, we decline to hear it for the first time on appeal. Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985); Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984).
 
 
 10
 Matney next contends that the ALJ erred in rejecting the opinion of his treating physicians, Dr. Lafrance and Dr. Cookson, and in relying on the opinion of Dr. Wheeler. When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict. Allen v. Heckler, 749 F.2d at 579. Greater weight is given to the treating physician's opinion; however, that opinion is not necessarily conclusive of a physical condition or the ultimate issue of disability. The ALJ need not accept an opinion of a physician--even a treating physician--if it is conclusionary and brief and is unsupported by clinical findings. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Where conflicting medical opinions exist, the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983).
 
 
 11
 Our review of the record here convinces us that the ALJ properly analyzed the evidence and gave specific and legitimate reasons for not accepting the opinions of Dr. Lafrance and Dr. Cookson. The clinical findings of the three physicians who examined Matney are essentially the same, revealing no significant motor loss, muscle weakness or sensory or reflex loss, with the exception of loss of the right achilles reflex. The ALJ stated that Matney had established he experienced some degree of pain and discomfort, however, he agreed with the opinion of Dr. Wheeler that Matney was capable of performing light work with certain limitations.
 
 
 12
 Dr. Lafrance did not state that Matney was unable to perform all work activities. Instead, he indicated that Matney would not be able to return to the heavy labor he previously performed, and would be unable to do most, if not all "regular" jobs. There is no guidance in the record as to what jobs Dr. Lafrance would consider as "regular" jobs, or what level of exertional activity would be involved in such jobs. He first stated that he considered Matney markedly limited with respect to lifting, twisting, etc., and later stated that Matney had a moderate level of disability relative to lifting. The limitations set out by Dr. Lafrance do not necessarily rule out light or sedentary jobs. Insofar as the ALJ rejected the opinions expressed by Dr. Lafrance, the inconsistencies and ambiguities noted by the ALJ represent specific and legitimate reasons for doing so.
 
 
 13
 The ALJ determined that the opinion of Dr. Cookson was entitled to little weight because he examined Mr. Matney only one time and produced a brief report. The diagnosis was based primarily upon the medical history and subjective complaints as related by Matney. When contacted several months later, Dr. Cookson offered the opinion that Matney would be able to work only one hour at a time although his clinical evaluation revealed very minimal abnormal findings. Further, the ALJ stated that Dr. Cookson's conclusions were entitled to less weight because he had agreed to become an advocate and assist in presenting a meaningful petition for Social Security benefits. These reasons are specific, legitimate reasons for disregarding the conclusions of Dr. Cookson.
 
 
 14
 Matney also contends that the ALJ erred in failing to follow Social Security Ruling 88-13, because he did not investigate the possibility that his allegations of pain result from a mental impairment. Social Security Ruling 88-13 requires investigation of a possible mental impairment when the record contains no medical signs or laboratory findings of a physical impairment capable of producing the alleged pain. Here, the ALJ found that there were specific impairments which have a causal relationship with Matney's allegations of pain. In these circumstances, Ruling 88-13 does not require an independent investigation by the ALJ into a possible mental impairment.
 
 
 15
 Appellant also argues that the district court erred in relying on Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir.1990) because the portion of that opinion dealing with evaluating subjective complaints of pain in social security cases was withdrawn, and reversed in Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc ). Although the earlier Bunnell case would not have required it, a review of the record here reveals that the Secretary's final decision contains sufficient specific reasons for rejecting Matney's testimony of disabling pain under the more rigorous Cotton-Varney- Gamer[1] standard reaffirmed in the en banc Bunnell decision. The ALJ followed Social Security Ruling 88-13 in making his determination that Matney's pain testimony was not credible. The district court affirmed because the ALJ set out specific findings which were supported by the record, i.e., Dr. Wheeler's report, Matney's testimony regarding his daily activities, his demeanor and appearance at the hearing as well as his well documented motivation to obtain social security benefits.
 
 
 16
 Matney's other assertions of error are without merit. The record does not support his allegations that the ALJ ignored and disregarded relevant evidence from lay witnesses. Nor does the decision impermissibly rely upon a misinterpretation of the vocational assessment by the vocational planner, Steve Erickson, at the Western Pain Center. The ALJ relied upon an overall assessment by the team treating Matney at the Western Pain Center, as well as the opinion of Dr. Wheeler.
 
 
 17
 Appellant also contends the ALJ erred in failing to consider his additional limitation--the partial amputation of his left thumb in 1981. However, the ALJ included this condition in setting out Matney's impairments, and there is nothing in the record or present argument which suggests that this has ever limited his ability to perform any job.
 
 
 18
 Judgment is AFFIRMED.
 
 
 
 *
 Tambra L. Matney is substituted as plaintiff on behalf of Brent V. Matney pursuant to Fed.R.App.P. 43(a)
 
 
 **
 Honorable M.D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation
 
 
 [1]
 Cotton v. Bowen, 799 F.2d 1403 (9th Cir.1986); Varney v. Secretary of Health and Human Servs., 846 F.2d 581 (9th Cir.1988); Gamer v. Secretary of Health and Human Servs., 815 F.2d 1275 (9th Cir.1987)