131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy A. BLUM, Plaintiff-Appellant,
v.
C.E. FLOYD, Warden, FPC/FCI; Alan Stauffer, Hopi Unit
Counselor; Steven Strawhun, FPC Phoenix Camp
Administrator, Defendants-Appellees.
 No. 97-15510.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-96-00863-EHC; Earl H. Carroll, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nancy A. Blum, a federal prisoner, appeals pro se the district court's summary judgment for prison officials in her Bivens action alleging that her job reassignment was retaliatory, her legal papers were searched, she was denied unmonitored calls with her attorney, her legal mail was opened outside her presence, and she was denied contact with her inmate husband. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether there are any genuine issues of material fact and whether the district court properly applied the law. See id.
 
 
 4
 First, Blum failed to counter prison officials' evidence that she was transferred from an orderly job in one building, to an orderly job in a second building, because of her good job performance. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam) (stating that retaliation claim requires showing that prison officials' actions do not advance legitimate penological goals).
 
 
 5
 Second, Blum failed to counter prison officials' evidence that her locker was searched because of information that it contained the legal papers of other prisoners, in violation of prison rules. See Johnson v. Avery, 393 U.S. 483, 490 (1969) (stating that prison officials may impose reasonable time and place restrictions on prisoner's provision of legal services to other prisoners).
 
 
 6
 Third, Blum failed to allege any actual injury flowing from any denial of unmonitored calls to her attorney. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996) (stating that a denial of access to the courts claim requires a showing of actual injury).[1]
 
 
 7
 Fourth, Blum failed to present evidence that the letter officials opened outside her presence was "marked as originating from an attorney," in accord with prison regulations covering special handling of legal mail. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (holding that state may require that legal correspondence to inmates be specially marked with the sending attorney's name and address).
 
 
 8
 Finally, denying Blum permission to visit or speak to her inmate husband does not rise to the level of cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (noting that restrictive and even harsh conditions are part of the criminal penalty).
 
 
 9
 Because Blum failed to raise a genuine issue of material fact as to any of her claims, the district court properly granted summary judgment for prison officials. See Bagdadi, 84 F.3d at 1197.[2]
 
 
 10
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, see Fed.R.App.P. 34(a), 9th Cir.R. 34-4, Blum's motion to submit on the briefs is granted
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blum's equal protection claim also fails because she presents no evidence that any of the named defendants treated her differently than they treated other inmates. Because she raises it for the first time on appeal, Blum has waived her claim that Appellee Stauffer allowed other inmates to place unmonitored calls without question. See Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992)
 
 
 [2]
 Because we affirm summary judgment for all defendants as to all claims, we do not reach Blum's contention that Appellee Floyd personally participated not only in the retaliatory job reassignment, but in other conduct as well