**Alice T. VAUGHAN, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Acting Commissioner of Social Security, Defendant–Appellee.**

No. 01–35223.
D.C. No. CV–99–05582–RJB.

United States Court of Appeals, Ninth Circuit.

---

\* Larry G. Massanari is substituted for Kenneth

S. Apfel as Commissioner of the Social Secu-

Submitted Sept. 10, 2001 **.

Decided Oct. 2, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM ***

■ Alice T. Vaughan appeals the district court's judgment affirming the decision of the Commissioner of Social Security to deny her application for widow's disability insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo and must uphold the Commissioner's decision if it is supported by substantial evidence and applies the appropriate legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996). We affirm.

■ Vaughan contends that substantial evidence does not support the Commissioner's denial of benefits because she established that she became disabled prior to the expiration of her eligibility. This contention lacks merit.

■ A claimant is not disabled if, at any point in the five-step disability determina-

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion process, a finding of not disabled can be made. *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992); *see also* 20 C.F.R. § 404.1520. Because Vaughan's medical records failed to establish a severe medical impairment or combination of impairments, as required at step two, substantial evidence supports the ALJ's finding that she was not disabled. *See* 20 C.F.R. § 404.1520(c); *Bowen v. Yukert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Vaughan contends that the ALJ erred by rejecting the uncontradicted letter opinion of her treating physician, and by not crediting her testimony. These contentions lack merit. *See Lester v. Chater,* 81 F.3d 821, 830, 834 (9th Cir.1996) (stating that an ALJ may reject uncontradicted opinions of treating physicians if supported clear and convincing reasons; and disbelieve a claimant if specific and cogent reasons are provided).

Vaughan's remaining contentions have been considered and rejected.

AFFIRMED.