**Billie Jo LEHRMAN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–35627.

D.C. No. CV–01–06187–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 3, 2003.

█

Before HALL, GRABER, and GOULD, Circuit Judges.

MEMORANDUM*

Billie Jo Lehrman appeals the district court's judgment affirming the denial of supplemental social security income benefits. We affirm.

■ 1. The administrative law judge (ALJ) permissibly rejected the diagnosis of pain disorder or somatoform disorder offered by Dr. Haydon and Dr. Stoltzfus, as well as Dr. Haydon's assessment of Lehrman's residual functional capacity.

The ALJ rejected portions of Dr. Haydon's 2000 opinion as inconsistent with his narrative findings and his assessment of the claimant's global functioning. The ALJ relied, for example, on Dr. Haydon's note that Lehrman's "allegations of continuous pain were not supported by any evidence of impaired gross or fine motor skills."

The ALJ rejected Dr. Stoltzfus' diagnosis because it was supported neither by "persistent objective findings" in the records of Lehrman's treating doctors, needed to establish the durational requirement of the disorder, nor by clinical findings in Dr. Stoltzfus' own narrative report. The ALJ also observed that Dr. Stoltzfus had failed to consider Lehrman's "motivation for secondary gain" in arriving at a diagnosis.

These reasons are specific, legitimate, and supported by substantial evidence. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995) (stating standard where diagnosis is contradicted). An ALJ may reject the opinion of a physician if it is brief, conclusory, and unsupported by clinical findings. *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992).

■ 2. The ALJ permissibly rejected Lehrman's subjective complaints of severe, disabling pain. Even discounting the opinion of one physician who believed that Lehrman was malingering, the ALJ relied on legitimate reasons, supported by substantial evidence, to reject these complaints. *See Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991) (en banc) (stating bases for adverse credibility finding in social security cases). For example, there

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was evidence that Lehrman's daily activities were not substantially limited.

3. Because the foregoing conclusions were permissible, the ALJ also did not err in constructing the vocational hypothetical and did not err in finding that Lehrman did not meet or equal any listed impairment and that she remained capable of working.

AFFIRMED.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.