Maria RODRIGUEZ, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 03–56749.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Filed March 9, 2006.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff-Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Katherine R. Loo, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Maria Rodriguez appeals the district court's summary judgment order affirming the decision of an administrative law judge ("ALJ"), who granted Rodriguez supplemental security income benefits under Title XVI of the Social Security Act as of November 1, 1998, but not before. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's summary judgment upholding a denial of benefits. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir.2001). We will uphold the ALJ's decision "if it was supported by substantial evidence in the record and applied the correct legal standards." *Id.* at 856. If the evidence can reasonably support either confirming or reversing the Commissioner's decision, we may not substitute our judgment for that of the ALJ. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). We affirm.

Rodriguez suffers from kidney problems and osteoarthritis. The parties agree that Rodriguez is disabled under the Act because her condition meets a listed impairment describing "gross anatomical deformity . . . and enlargement or effusion of the affected joints" (her hands). 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04 (1999). The parties differ only over the

onset date of Rodriguez's disability. The ALJ determined that Rodriguez was disabled as of November 1, 1998, while Rodriguez contends that she became disabled on May 22, 1995.

■ Substantial evidence supports the ALJ's determination that Rodriguez's condition did not meet a listed condition as of May 22, 1995. *See Rollins,* 261 F.3d at 856. Only two letters from Dr. Myung Lee, Rodriguez's treating physician, suggest that she met the listing requirements of § 1.04 prior to Dr. Cohen's 1999 examination. However, Dr. Lee's diagnosis is not supported by x-ray evidence or treatment records. *See Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992) ("The ALJ need not accept an opinion of a physician-even a treating physician-if it is conclusionary and brief and is unsupported by clinical findings.").

■ Substantial evidence also supports the ALJ's determination that Rodriguez was not disabled as of May 22, 1995 due to pain. When a "claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991). Although Rodriguez testified that she had pain in her hands, feet, and back and suffered fatigue and incontinence prior to November 1, 1998, she did not provide any objective medical evidence of an underlying impairment.

Rodriguez's contention that the ALJ erred in relying on Dr. Klashman's 1995 medical report because he did not use an

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

interpreter while examining her, is unsupported by the record.

Rodriguez's contention that the ALJ penalized her for not having the resources to collect sufficient medical evidence to support her claim is also unconvincing because the ALJ did not reject her claim that she was disabled as of May 1995 due to a lack of medical evidence. Rather, the ALJ rejected Rodriguez's claim because her medical records suggested that her symptoms were under control and were, at best, mild prior to 1999. Moreover, Rodriguez had evidence—the medical records underlying Dr. Lee's 1997 diagnosis of severe osteoarthritis—prior to the ALJ's decision. However, neither Rodriguez nor Dr. Lee submitted the medical evidence to substantiate his diagnosis, despite the fact that the first ALJ to handle Rodriguez's case disregarded Dr. Lee's opinion for lack of substantiating medical evidence.

**AFFIRMED.**