Sharon L. SCRIBNER, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner Social Security Administration, Defendant—Appellee.

No. 05–36233.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2007.

Filed Aug. 6, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Before: ALARCÓN, FERNANDEZ, and WARDLAW, Circuit Judges.

### MEMORANDUM [1]

Sharon L. Scribner appeals from the district court's order affirming the Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision and must uphold the denial of benefits if the Commissioner's denial is supported by substantial evidence and free of legal error. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We vacate and remand.

### I

Ms. Scribner asserts that the Administrative Law Judge's ("ALJ") determination of her residual functional capacity ("RFC") was erroneous because it did not take into account the findings of Dr. Judith B. Page. In addition, Ms. Scribner contends that the ALJ erred in concluding that she could return to her past relevant work as a freight broker.

Finding an RFC that meets "the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily

---

1. This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir.2002). The ALJ relied solely on the testimony of the vocational expert ("VE") in concluding that Ms. Scribner could return to her past relevant work as a freight broker. However, in making this determination, the ALJ appears not to have considered the evidence in the administrative record and his own finding that Ms. Scribner must "avoid concentrated exposure to fumes, odors, gases, or poor ventilation." The VE testified that smoking is widely accepted in the transportation industry and admitted that she could not opine as to whether such offices today are actually smoke-free. In his decision, the ALJ failed to reconcile the conflict between the limitations experienced by Ms. Scribner due to her asthma and the environmental requirements of her past relevant work. Thus, the ALJ's step four finding is not supported by substantial evidence.

## II

Ms. Scribner maintains that the ALJ failed to provide legitimate and specific reasons for discrediting Dr. Page's opinion. In situations where there is a conflict in medical evidence, it falls on the ALJ to "'determine credibility and resolve the conflict.'" *Thomas,* 278 F.3d at 956–57 (quoting *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992)).

■ The ALJ explained that he discredited Dr. Page's opinion that Ms. Scribner was severely limited because it was significantly "more severe" than the opinions of Dr. Patrick R. Waber or Dr. Michael A. Thomas, D.O. The record indicates that almost a year after Ms. Scribner's surgery, Dr. Thomas noted that Ms. Scribner was "fixed and stable, and able to perform her duties at work." In addition, none of Dr. Waber's notes indicates that he believes

Ms. Scribner is disabled or unable to work due to her back complaints. Thus, the ALJ provided specific and legitimate reasons for discrediting Dr. Page's opinion.

## III

Ms. Scribner further argues that the ALJ failed to provide reasons for discrediting the lay witness statements of Bert Scribner and Barbara Richards. "Lay testimony ... is competent evidence ..., unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001) (citation omitted).

■ In his opinion, the ALJ specified that he is "unable to give great weight to the lay witness statements" because they are contradicted by the medical reports and opinions of Dr. Thomas and Dr. Waber. The ALJ noted germane reasons for discrediting Mr. Scribner's testimony, however, he erred in failing to give reasons germane to Ms. Richards's testimony. *See Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996).

**VACATED** and **REMANDED** to the district court with directions to remand this matter to the Commissioner. On remand, the ALJ is instructed to make specific findings regarding whether Ms. Scribner would be exposed to "fumes, odors, gases, or poor ventilation" if she returned to her past work as a freight broker. In addition, the ALJ is instructed to set forth specific findings regarding the credibility of Ms. Richards's lay witness testimony concerning her observations of Ms. Scribner's physical condition.