Dela F. HAISLIP, Plaintiff—Appellant,

v.

Michael J. ASTRUE Commissioner of Social Security, Defendant— Appellee.

No. 06–17151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed July 31, 2008.

Joel F. Friedman, Jerome, Gibson & Stewart, Friedman & Stevenson, P.C., Phoenix, AZ, for Plaintiff–Appellant.

John C. Cusker, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: W. FLETCHER, TALLMAN, Circuit Judges, and BERTELSMAN, Senior District Judge.*

MEMORANDUM **

Plaintiff/Appellant Dela F. Haislip ("plaintiff") appeals the district court's judgment affirming the Social Security Commissioner's denial of her claim for disability insurance benefits under 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir.2004), and we affirm.

■ We find that the Administrative Law Judge ("ALJ") supported her decision that plaintiff's testimony of her subjective symptoms relating to fibromyalgia and migraine headaches was not entirely credible with "specific, cogent reasons for the disbelief." *See Morgan v. Apfel*, 169 F.3d 595, 599 (9th Cir.1999) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995)). Specifically, the ALJ noted the lack of objective medical evidence to support plaintiff's claims, conflicts between claimant's allegations and her physicians's findings, and claimant's testimony regarding her ability to engage in daily activities. The district court correctly held that the ALJ provided clear and convincing reasons for her adverse credibility determination. *See Batson*, 359 F.3d at 1196.

■ We also find that the ALJ did not err in rejecting plaintiff's treating physicians' statements that plaintiff was disabled. The ALJ explained that Drs. Eng and Fairfax's opinions were given little

---

* Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

weight because the extreme limitations they found were not supported by their clinical findings on physical exam, their treatment notes, or any objective medical evidence. Plaintiff relies on *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir.2004), but that case is distinguishable because here the ALJ did provide legally sufficient reasons for rejecting the treating physicians' testimony. Where there is a conflict in the medical evidence, it is the ALJ's responsibility to determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

Further, we find that the ALJ did not err in determining that the plaintiff has the ability to perform a limited range of sedentary work and that appropriate jobs are available in significant numbers in the national economy. In determining the plaintiff's residual functional capacity ("RFC"), the ALJ considered the relevant, credible evidence, including the medical record, medical source statements, claimant's testimony and the effects of treatment. The ALJ also properly included in her hypothetical questions to the vocational expert those limitations she found credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir.2005).

Lastly, we find that the ALJ's duty to fully develop the record on "fibro fog" was not triggered because the record provided sufficient evidence for the ALJ to reach a decision and was not ambiguous. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). Specifically, the ALJ found the plaintiff's testimony that she was sometimes "foggy" during a fibromyalgia flare-up to be not fully credible because the record did not contain any evidence of prior complaints or referrals for such problems. This is not a case where the ALJ found the record inadequate to allow for proper evaluation. Instead, the ALJ considered the subjective symptom and found it did not warrant any further restriction beyond that provided in the RFC.

Accordingly, the judgment of the district court is AFFIRMED.