**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALBERT JACK HELMKE, | No. 09-15151 |
| Plaintiff - Appellant, | D.C. No. CV 07-04604-PJH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted March 11, 2010 [**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Albert Jack Helmke appeals from an adverse judgment in this social security

disability case. We review the district court's judgment de novo, Edlund v.

Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001), and must affirm the decision of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the Commissioner of the Social Security Administration if it is not based on legal error and it is supported by substantial evidence, <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998).

1. Helmke failed to raise his arguments against Dr. Cousino's May 1987 residual functional capacity assessment, and the vocational expert's testimony based on that opinion, in the district court. Therefore, those arguments are waived. <u>Greger v. Barnhart</u>, 464 F.3d 968, 973 (9th Cir. 2006); <u>Warre v. Comm'r of Soc. Sec. Admin.</u>, 439 F.3d 1001, 1007 (9th Cir. 2006).

2. The administrative law judge ("ALJ") properly evaluated the medical evidence. Dr. Pletz' and Dr. Luisi's statements that Helmke could not work are not "medical opinions" because such a decision is reserved to the Commissioner. <u>See</u> 20 C.F.R. § 404.1527(e)(1). Additionally, the ALJ reasonably concluded that any opinion from Helmke's treating physicians that he could not work should be discounted because those doctors were advocating for Helmke's long-term disability insurance. <u>See</u> <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1020 (9th Cir. 1992) (holding that a doctor's assessment was entitled to less weight when the doctor acted as an advocate in the claimant's attempt to obtain Social Security benefits). Further, the ALJ properly discounted the opinions of Helmke's chiropractors. Because chiropractors are not "acceptable medical sources," 20 C.F.R.

§ 404.1513(a), their opinions are entitled to less weight than a physician's, id. § 404.1513(d).

3. The ALJ gave clear and convincing reasons, which are supported by substantial evidence, that Helmke was not entirely credible. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Those reasons include the observation that the medical records fail to support Helmke's allegedly debilitating pain symptoms. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196-97 (9th Cir. 2004) (holding that examination reports that are inconsistent with a claimant's complaints or that show an ability to work undermine a claimant's credibility). In addition, the ALJ permissibly noted that Helmke's daily activities, such as walking 2.5 miles a day, frequenting the gym, and swimming 5 laps at a time, demonstrated that he was more capable than he claimed.

AFFIRMED.