**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNY ROCHA, | No. 13-36028 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-03036-FVS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted December 9, 2015
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Jenny Rocha appeals the district court's judgment affirming the Social Security

Administration's ("SSA") denial of her application for Social Security disability

benefits.  We reverse and remand for the Administrative Law Judge ("ALJ") to

reconsider Rocha's residual functional capacity ("RFC") and to call a vocational

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

expert to determine if Rocha can still perform jobs that exist in significant numbers in the national economy.

**1.** The ALJ erred by failing to call a vocational expert. Vocational experts are required when non-exertional limitations are sufficiently severe as to significantly erode the occupational base. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). It is true that many of the non-exertional limitations found by the ALJ in this case do not significantly erode the unskilled, sedentary occupational base. *See* SSR 96-9p, at *7-9 (postural limitations on climbing ladders, ropes, scaffolds; balancing; kneeling; crouching; crawling; stooping; and environmental limitations on extreme cold, heat, wetness, humidity, vibration, odor, or dust; or unusual hazards usually are unlikely to significantly erode the unskilled, sedentary occupational base). However, some of Rocha's non-exertional limitations might significantly erode the occupational base. *See id.* at *7 (limited ability to balance when standing or walking on level terrain might significantly erode the occupational base); *id.* at *9 (limitations on exposure to noise or a "less than substantial loss of ability" to understand, remember, and carry out simple instructions may significantly erode the occupational base); *see also* SSR 85-15, at *6 ("Where the effects of a person's actual limitations of climbing and balancing on the occupational base are difficult to determine, the services of a [vocational specialist] may be necessary."). Although each of these limitations may

2

have a negligible effect on the unskilled, sedentary occupational base when taken individually, when considered together, the question of what jobs are left to Rocha is a complex one. In such a situation, the ALJ should have followed the recommendations of the SSA's own administrative rulings and called a vocational expert. *See, e.g.*, SSR 96-9p, at *9 ("In more complex cases, the adjudicator may use the resources of a vocational specialist or vocational expert."); SSR 83-14, at *4 ("In more complex situations, the assistance of a vocational resource may be necessary.").

**2.** The ALJ also erred in his analysis of Rocha's credibility. To disregard a claimant's testimony, the ALJ must articulate sufficiently specific reasons for this court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 & n.3 (9th Cir. 2010). Absent evidence of malingering, the ALJ must have "clear and convincing" reasons for rejecting testimony regarding the severity of symptoms. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

The ALJ rejected Rocha's testimony regarding the nature and severity of her symptoms in part because there were supposedly gaps in Rocha's treatment for headaches. However, there actually were no significant gaps in her treatment for headaches. Since treatment gaps appear to be the ALJ's sole reason for rejecting

3

Rocha's testimony regarding headaches, and a finding that Rocha had frequent and chronic headaches could have materially changed her RFC, a remand for reconsideration of this evidence at steps four and five is in order.[1]

**3.** Because Rocha challenges the ALJ's treatment of Dr. Opara's opinion for the first time on appeal, the issue will not be considered here. *See Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

**4.** Because Mr. Demiar is a physician's assistant, and therefore not an "acceptable medical source," 20 C.F.R. § 404.1513(a), (d), his opinion is not entitled to the same deference as a treating physician's opinion. The ALJ need only provide germane reasons for giving his opinion little weight. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, aside from treatment gaps, which was not supported by the treatment records, the ALJ also pointed out that no nerve conduction test supported Mr. Demiar's diagnosis of radiculopathy and the MRI of Rocha's lumbar spine showed only mild arthritis, which undercut his opinion that her symptoms were so severe that she would have to be absent from work four times per month. Inconsistency with medical evidence is a germane reason for rejecting evidence. *See*

---

[1] There also were no significant treatment gaps for Rocha's lower back pain. However, the ALJ provided other valid reasons for rejecting Rocha's testimony regarding lower back pain, including inconsistency with objective medical evidence and with her daily living activities. Therefore, the ALJ did not err in finding Rocha's lower back pain testimony not credible.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses. Inconsistency with medical evidence is one such reason." (internal citations omitted)). Therefore, the ALJ did not err in discrediting Mr. Demiar's testimony.

**5.** Rocha fails to explain on appeal how the ALJ improperly analyzed the opinion of Dr. Gentile. Arguments not coherently developed in briefs on appeal are deemed abandoned. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

**6.** The ALJ properly considered Rocha's obesity as the ALJ noted Rocha's obesity in making his determinations. *See Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005). The ALJ noted there was little evidence in the record to suggest Rocha was limited by her obesity. Though obesity prevented doctors from performing a hysterectomy on Rocha, the majority of doctors' assessments evaluated by the ALJ merely noted her weight and found no limitations due to obesity. Therefore, the ALJ adequately considered Rocha's obesity in his determination.

**REVERSED AND REMANDED.**

5