**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FERNANDO LEON,<br><br>               Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant-Appellee. | No.   15-56237<br><br>D.C. No.<br>2:14-cv-08559-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Submitted February 13, 2017**
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and KORMAN,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. App. P. 34(a) (2)

\*\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Fernando Leon appeals the district court's decision affirming the denial by the Commissioner of Social Security of his applications for disability benefits. The sequential evaluation process for determining whether a claimant is disabled has five steps, only two of which are relevant here. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* (Apr. 9, 1996). At step two, the Administrative Law Judge ("ALJ") found that Leon has the severe impairments of degenerative disc disease, status post left knee injury, and a mood disorder not otherwise specified. At step four, the ALJ found that Leon has a residual functional capacity that allows him to perform medium work consisting of simple, repetitive tasks.

On appeal, Leon's principal argument concerns step four. He argues that his moderate to marked limitations in concentration and completing a normal work-day and work-month preclude him from working. Specifically, Leon relies on: (1) the report of Dr. Betty Borden, an examining psychologist, stating that he has moderate to marked limitations in these areas, (2) the report of his treating physician, Dr. Nynn Soe, stating that he would need to take frequent breaks during the work-day and miss work more than three times a month, and (3) the vocational expert's testimony that there would be no work available for an individual that has a marked limitation "in the ability to maintain attention and concentration for

extended periods" and has to take "unscheduled breaks" once "every hour for 10 to 15 minutes." Thus, if the reports of Dr. Borden and Dr. Soe support these limitations, it would require a finding that Leon is disabled. The dispositive issue, then, is whether the ALJ's rejection of these reports was supported by substantial evidence.

1. An examining physician's opinion, such as Dr. Borden's, can be rejected when it is internally inconsistent and conflicts with a non-examining physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602–03 (9th Cir. 1999). Dr. Borden's report defines a moderate limitation as one "which affects but does not preclude ability to function," and a marked limitation as one "which seriously affects ability to function." In the main section of her report, Dr. Borden states that Leon has "marked impairment in the area of concentration, persistence and pace as a result of depression and memory difficulties." In the summary conclusions checklist section, however, while she does check as "markedly limited" Leon's "ability to maintain attention and concentration for extended periods," , she checks as both "markedly" and "moderately limited" Leon's "ability to complete a normal work-day and work-week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Dr. Borden

3

does not explain this confusing conflation of the terms "markedly" and "moderately limited," even though the form instructs the completing physician to "[r]ecord in this section any elaborations on the preceding capacities."

Moreover, Dr. Borden's reference to Leon's depression as one of the causes of his "marked impairment," cannot be reconciled with the section of her report titled "Diagnostic Impressions," under which depression should have been listed as coming within "Axis I." "The American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994, text rev. 2000) categorizes mental diagnoses under five different axes. Axis I diagnoses include mood and anxiety disorders." *Hallet v. Morgan*, 296 F.3d 732, 748 n.8 (9th Cir. 2002). Nevertheless, Dr. Borden's report stated "[n]o diagnosis" for Axis I. Significantly, her opinion that Leon has marked mental limitations is inconsistent with the testimony of Dr. Edward Jasinski, to which the ALJ gave "great weight." Dr. Jasinski, a non-examining psychologist, testified that Leon had only "moderate limitations with regards to concentration, persistence and pace and for complex or detailed tasks."

2. A treating physician's opinion, such as Dr. Soe's, can be rejected if it is "brief, conclusory, and inadequately supported by clinical findings." *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citing *Matney ex rel. Matney v.*

*Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). In a "Physical Residual Functional Capacity Questionnaire," Dr. Soe, an internist, stated that she expected Leon to miss work more than three times a month. The ALJ, however, assigned "little weight" to Dr. Soe's report, and Leon has not challenged that finding on appeal or before the district court. Indeed, it is unclear whether Dr. Soe attributed this limitation to Leon's mood disorder or his physical condition. Moreover, when asked to "[i]dentify any psychological conditions affecting your patient's physical condition," Dr. Soe checked "Depression," and then simply wrote "get depress [sic] at time." Dr. Soe did not explain how Leon's occasional depression affected his ability to work. Indeed, later in her report, when asked to "describe any other limitations []such as psychological limitations . . . that would affect your patient's ability to work at a regular job on a sustained basis," Dr. Soe did not identify any limitations, instead drawing a line through the area designated for a response.

3. Leon's remaining argument that he "meets and/or equals 20 C.F.R., Part 404, Subpart P, Appendix 1 at Listing § 12.05C," i.e., the listing for intellectual disability, was not raised before the district court. Thus, it is waived on appeal.

**AFFIRMED.**