**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICE M. DANIELS,

No.    20-55257

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

District Court No.
18-cv-09860-JVS-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 15, 2021[**]
Seattle, Washington

Before:  CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District
Judge.

Appellant Patrice Daniels applied for Social Security disability insurance

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

benefits and supplemental security income in June 2015, claiming a disability onset date of November 1, 2013 (prior to the June 30, 2014 date last insured). Daniels claimed disability on account of diabetes mellitus, diabetic neuropathy, back disorder, arthritis, thyroid disorder, depression, headaches, hypertension, and chest pain / mitral valve disorder. The parties' familiarity with the facts and procedural history is assumed.

This Court "review[s] a district court's order upholding the Commissioner's denial of benefits de novo." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Court reviews the Commissioner's decision (here, the ALJ's decision) to ensure it is free from harmful legal error, *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and supported by substantial evidence, 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

First, the ALJ did not harmfully err by rejecting some aspects and giving little weight to other aspects of the opinions of treating physicians Drs. Scott and Nazari. The ALJ found that aspects of these doctors' opinions were completely inconsistent with medical evidence in the record, including the doctors' own treatment notes. For

example, the doctors' opinions that Daniels could not sit, walk, or stand for more than 2 hours were inconsistent with Dr. Scott's treatment notes, which were generally unremarkable with respect to range of motion, gait, and musculoskeletal findings.

Second, the ALJ did not err in rejecting the lay opinions of licensed clinical social worker Betty J. Smith and Daniels's significant other, Charles Jackson. The ALJ offered "germane" reasons supported by substantial evidence for rejecting this lay evidence. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). For example, in many different areas of mental capability Smith opined that Daniels had no useful ability to function. The ALJ rejected this opinion because it was inconsistent with the medical evidence and the fact that Daniels had never been under the care of a psychiatrist.

Third, the ALJ did not harmfully err in assigning weight to the opinions of certain non-treating physicians. Where the ALJ's approach to weighing the experts' opinions is rational and supported by substantial evidence, it is not the function of this Court to reweigh expert opinions that all parties agree the ALJ should have considered. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in

3

the evidence[.]").

Fourth, the ALJ's residual functional capacity determination ("RFC") was reasonable and supported by substantial evidence. The ALJ reasonably concluded that the RFC adequately accounted for all of Daniels's functional limitations. Daniels's contrary arguments take issue with the ALJ's interpretation of the evidence, but Daniels has not demonstrated that the ALJ's interpretation was unreasonable.

Finally, the ALJ did not harmfully err in concluding, based on its RFC and the testimony of a vocational expert, that Daniels is not disabled because there were a significant number of jobs in the national economy that she could perform. Daniels's contrary arguments are derivative of her other arguments and fail for the same reasons.

The Court has considered Daniels's remaining arguments and finds them to be without merit.

The judgment of the district court is **AFFIRMED**.