NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL HONEYCUTT, | No. 21-15865 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01619-AC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California, Sacramento
Allison Claire, Magistrate Judge, Presiding

Submitted July 26, 2022**
San Francisco, California

Before: M. MURPHY,*** GRABER, and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Daniel Honeycutt appeals from an order, and corresponding judgment, of the district court affirming a final decision of the Commissioner of the Social Security Administration ("Commissioner"). *See* 42 U.S.C. § 405(g). The Commissioner denied Honeycutt's application for disability insurance. *See generally id*. §§ 401–06. Honeycutt asserts that the Social Security Administrative Law Judge ("ALJ") improperly discounted both (1) his subjective testimony about the severity of his symptoms; and (2) the opinions of Reza Ehyai, M.D., and Michelina Regazzi, Ph.D.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court order affirming an ALJ's denial of social security benefits and "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (internal quotations omitted).

1. Substantial evidence, coupled with specific, clear, and convincing reasons, supports the ALJ's decision to discount Honeycutt's subjective assessment of the intensity of his impairments. The ALJ found Honeycutt's

---

[1]     Honeycutt also asserts that the ALJ erred in failing to find him presumptively disabled at step three of the sequential disability analysis, *see* 20 C.F.R. § 404.1520(a)(4). We will not consider this issue because Honeycutt did not adequately raise it below. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

conservative treatment, which consisted of medication and minimal therapy, inconsistent with the standard of care and the degree of severity alleged. *See* 20 C.F.R. § 404.1529(c)(3)(iv) and (v). Given his access to resources, the ALJ's finding that Honeycutt's limited treatment was not related to a lack of insurance is supported by substantial evidence. The ALJ also noted that the objective and diagnostic findings did not support the degree of limitation alleged. *Id.* § 404.1529(c)(2). Likewise, the ALJ relied on record evidence demonstrating that Honeycutt's symptoms were generally well-controlled on medication. Substantial evidence supports the ALJ's finding that Honeycutt's extensive and varied daily activities were inconsistent with his subjective assessment of his work limitations. *Id.* § 404.1529(c)(3)(i). Finally, substantial evidence supports the ALJ's finding that Honeycutt attempted, in a meeting with a treating physician, to misrepresent his experiences at an administrative hearing, supporting the determination that Honeycutt tends to exaggerate the severity of his symptoms.

2. Honeycutt asserts that the ALJ erred in completely discounting Doctor Ehyai's opinion and partially discounting Doctor Regazzi's opinion. The ALJ's rejection, partial or whole, of the opinions of Doctors Ehyai and Regazzi is accompanied by "specific and legitimate reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654

3

(9th Cir. 2017) (internal quotations omitted) (setting out the standard for disability-benefit applications that, like Honeycutt's, were filed before March 27, 2017).

The ALJ offered numerous appropriate justifications for discounting Doctor Ehyai's opinion. The ALJ found that Doctor Ehyai's treatment notes primarily summarized Honeycutt's subjective complaints without documenting significant objective findings. Given that the ALJ had previously discounted Honeycutt's subjective assessments of his disability, the ALJ was entitled likewise to discount Doctor Ehyai's opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Furthermore, the ALJ concluded that Doctor Ehyai's opinion of disability was at odds with (1) the doctor's own opinion, reflected in treatment notes, as to the effectiveness of medication in dealing with Honeycutt's symptoms; (2) the conservative treatment regime undertaken by Honeycutt; and (3) Honeycutt's extensive and varied daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Finally, the ALJ found indications that Honeycutt had not been fully forthcoming with Doctor Ehyai. These specific justifications, which are all supported by substantial evidence, are legitimate bases for discounting Doctor Ehyai's opinion.

4

The ALJ did not err in partially rejecting the opinion of Doctor Regazzi. The ALJ summarized Doctor Regazzi's examination, noting that it contained only two minimal positive findings. Otherwise, Honeycutt reported performing significant daily activities and utilizing only conservative treatment. Although the ALJ agreed with Doctor Regazzi that Honeycutt was somewhat limited, the ALJ emphasized that Doctor Regazzi's own examination failed to support any marked limitations in Honeycutt's work-related functioning. Instead, the only thing supporting such limits was Honeycutt's "self-reported" description of his impairments. Again, as noted above, the ALJ was entitled to discount such limits after having found Honeycutt's self-reported symptoms were exaggerated. *See Tonapetyan*, 242 F.3d at 1149.

**AFFIRMED**.