**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEARLA STILLWATER,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant - Appellee.

No. 08-35976

D.C. No. 6:07-cv-00941-AA

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted December 10, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

      Pearla Stillwater appeals the determination by an Administrative Law Judge

that she is not disabled and does not qualify for SSI benefits. Stillwater alleges

disability since May 1, 1995. She argues that the ALJ erred in rejecting (1) her

testimony, (2) the opinion of Dr. Greenburg, (3) the opinions of two agency

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

medical experts, and (4) lay witness testimony; and in finding that Stillwater has no severe mental impairment. She also assigns error to the posing of an incomplete hypothetical to the vocational expert.

At step one of the five-step test for determining whether a claimant is disabled, the ALJ found that Stillwater had not engaged in "substantial gainful activity" during the period of alleged disability. At steps two and three, the ALJ found that Stillwater has medically determinable impairments of vestibular dysfunction, diabetes, back pain, and obesity, but that Stillwater's impairments did not meet or equal the requirements of a listed impairment. At step four, the ALJ found that Stillwater retained the ability to perform a limited range of light work. The ALJ also found that Stillwater was limited in her ability to climb, stoop, kneel, crouch, and crawl. Based on this RFC assessment and the testimony of a vocational expert, the ALJ found that Stillwater could perform her past relevant work as a cashier.

We may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Stillwater argues that the ALJ improperly rejected her subjective symptom testimony. Given that Stillwater produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms, the ALJ could reject Stillwater's testimony about the severity of her symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ stated that he rejected this testimony because: (1) the medical evidence does not support the severity of Stillwater's self-described symptoms; (2) Stillwater's work and school history demonstrates her ability to complete tasks; (3) Stillwater's daily activities contradict her testimony; and (4) Stillwater's behavior demonstrates inconsistencies.

None of these reasons are sufficient. Dr. Greenburg's report and numerous lay witnesses corroborate Stillwater's testimony, which has been consistent over time. Stillwater's past work and school history was long ago and her medical conditions could easily have changed. Stillwater's daily activities are very limited, do not appear to meet the threshold for transferable work skills, do not appear to show an ability to engage in sustained work-related activity, and do not contradict her testimony. The record also lacks substantial evidence for the ALJ's conclusion

3

that Stillwater was noncompliant with treatment, or that she provided conflicting information regarding past work.

Stillwater argues that the ALJ improperly rejected Dr. Greenburg's testimony regarding her medical condition and physical limitations. Dr. Greenburg, a specialist in endocrinology, was Stillwater's treating physician and treated her for diabetes from 2001 to 2005.

The ALJ rejected Dr. Greenburg's entire medical opinion because he found the doctor not qualified to assess the effects of Stillwater's back pain, and also on the theory that the opinion was not based on objective medical evidence because Stillwater is noncompliant with her diabetes treatment and a compliant diabetic would not have such problems.

Although the ALJ could reasonably discredit Dr. Greenburg with regard to matters other than Stillwater's diabetes, Dr. Greenburg was her diabetes doctor, and his extensive opinion on that medical issue, documented in Diabetes Mellitus Residual Functional Capacity Questionnaire, should not have been discredited because of his lack of expertise with regard to back injuries. The ALJ gave no adequate reason for rejecting Dr. Greenburg's Diabetes Mellitus Residual Functional Capacity Questionnaire.

4

Stillwater challenges the ALJ's rejection of Dr. Haynes's and Dr. DeBolt's opinion that Stillwater could only perform sedentary work. The ALJ gave that opinion "very little weight" based on the ALJ's prior rejections of Stillwater's testimony and Dr. Greenburg's opinion. Those rejections were improper. Dr. Haynes's and Dr. DeBolt's opinion must be reconsidered.

Stillwater argues that the ALJ improperly rejected the statements and testimony of several lay witnesses. Six lay witnesses completed statements describing Stillwater's limitations, and three of them testified at a hearing before ALJ Schloss. ALJ Jones gave the lay witness testimony and statements "no weight" in determining the severity of Stillwater's impairments.

The ALJ's rejection of the lay witness testimony was legal error. First, the ALJ's assertion that lay witness testimony of daily activities "generally provide[s] little assistance" is incorrect as a matter of statutory and case law. *See* 20 C.F.R. § 404.1513(d); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). More specifically, the ALJ found the lay testimony credible, yet gave the testimony no weight because the lay witnesses were not medical experts and their opinions were "not supported by the entire evidence." We have specifically rejected this approach. *Bruce v. Astrue*, 557 F.3d 1113 (9th Cir. 2009).

5

Stillwater argues that the ALJ erred by finding that she does not suffer from a severe mental impairment at step two in the sequential evaluation process. The ALJ reviewed the medical records regarding Stillwater's mental state and concluded that the records were devoid of any diagnoses of mental disorders and did not reveal any mental health treatment. Stillwater does not contradict those findings. The ALJ's determination was supported by substantial evidence.

Stillwater argues that the ALJ's hypothetical posed to the vocational expert was deficient because it did not consider whether Stillwater had the stamina to work on a sustained basis, considering her fatigue and need to rest. An ALJ has to propose a hypothetical "based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). The ALJ's hypothetical was based on his improper rejection of three doctors' opinions, Stillwater's testimony, and lay witness statements. On remand, the ALJ should reconsider the hypothetical and the ultimate RFC determination.

REVERSED AND REMANDED.

6