**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CYNTHIA SMITH, | No. 13-35164 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-01263-MA |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted January 26, 2015

Before: GOODWIN, PREGERSON, and BERZON, Circuit Judges.

Cynthia Smith appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Smith's application for disability

insurance under Title II of the Social Security Act. Smith alleged disability due to

pain caused by a fractured back. We review the district court's order de novo, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons for finding Smith not entirely credible. First, the ALJ properly considered that Smith's complaints of pain were not proportionate to the medical evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir, 2005) (holding that lack of medical evidence cannot form the sole basis for discounting pain testimony, but is a factor that an ALJ may consider). Second, the ALJ cited Smith's failure to pursue her physician's recommended treatment as a legitimate specific reason. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that an unexplained failure to follow a prescribed treatment is a specific reason to discount credibility). Third, the ALJ's finding–that Smith's daily activities, and her poor motivation, undermined her credibility–also is supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Robert Smith's lay witness testimony was similar to Smith's testimony, and the ALJ did not separately address his testimony. Because the ALJ properly discounted the claimant's similar testimony, the ALJ gave germane reasons for

rejecting Robert Smith's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ did not err in giving significant weight to the opinion of examining physician Dr. Webster, and discounting the opinions of treating physician Dr. Nelson and examining physician Dr. El-Attar. First, the ALJ's finding that Dr. El-Attar's disability conclusion was inconsistent with her own examination findings is a clear and convincing reason for not relying on the doctor's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradictions between a doctor's opinion and that doctor's own observations is a clear and convincing reason). Second, the ALJ provided clear and convincing reasons for giving less weight to the contradicted opinion of treating physician Dr. Nelson where: the opinion was conclusory, *see Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (holding that a conclusory opinion may be rejected); the opinion relied in part on Smith's discredited testimony, *see Fair*, 885 F.3d at 605 (holding that a doctor's reliance on properly discounted subjective complaints is a specific, legitimate reason); and Dr. Nelson acted as an advocate for Smith's disability, *see Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Third, the record supports the ALJ's crediting of Dr. Webster's opinion that Smith's pain was not disabling.

3

Finally, the limitations set forth in the ALJ's residual functional capacity assessment, and in the hypothetical posed to the vocational expert, included all of Smith's limitations that were supported in the record. *See Bayliss*, 427 F.3d at 1217-18.

Accordingly, substantial evidence supports the ALJ's determination that Smith was not disabled within the meaning of the Social Security Act.

**AFFIRMED.**