**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HERMAN F. EVANS, IV,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>        Defendant-Appellee. | No.   16-56669<br><br>D.C. No. 2:15-cv-07974-KES<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Karen E. Scott, Magistrate Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,[**] Chief District
Judge.

Herman Evans appeals the district court's judgment affirming the Social

Security Commissioner's denial of Evans's application for supplemental security

income and disability insurance benefits. We have jurisdiction under 28 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

1291 and 42 U.S.C. § 405(g), and we review the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of benefits de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Because the ALJ's decision is supported by substantial evidence, we affirm.

1. Evans has withdrawn his contention that the ALJ erred when she held that Evans did not meet the requirements of Social Security Listing 1.04A.

2. The ALJ did not err in assessing the weight of Evans's treating and examining physicians' opinions. An ALJ may reject a treating doctor's opinion by providing "specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Here, the ALJ easily satisfied that burden. As to Dr. Schwarz, the ALJ found Dr. Schwarz's assessment that Evans was incapable "of performing even sedentary work activity" "wholly inconsistent with Dr. Schwarz's mild clinical findings, the other mild evidence of record, and Dr. Schwarz's general lack of prescribed treatment beyond medication and home exercises." Dr. Lorber testified to the same effect, and Dr. Hasday's December 2014 examination also assessed Evans as capable of "light" work activity.

As to Dr. Bilezikjian, the ALJ flagged that Dr. Bilezikjian's own clinical findings and subsequent 2013 spinal x-rays and CT scans showed no significant

2

findings apart from some mild degenerative changes. Accordingly, Dr. Bilezikjian's assessment regarding Evans's condition "appear[ed] more reflective of the claimant's subjective complaints and particular clinical presentation than the actual clinical and diagnostic evidence at that time."

The ALJ's explanation satisfies her burden. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) (affirming ALJ's rejection of claimant's treating physician's opinion on the grounds that (1) the opinion was based mostly on the claimant's self-reports, which had properly been discounted as not credible, and (2) the opinion was "inconsistent with the medical records").

3. The ALJ committed no error in holding that Evans did not suffer from a severe mental impairment, and in discounting the opinion of Evans's treating physician Dr. Friedman. The ALJ reached that conclusion on the grounds that Dr. Friedman's records "reflect[] little more than the claimant's subjective responses" and that Evans received only sporadic treatment for his condition. Additionally, the ALJ noted Evans's demeanor at his two hearings, at which he "only cited vague complaints of depression due to his pain issues and the fact that he is currently homeless." Thus, the ALJ held, Evans's mental impairment would have no more than a "minimal effect on his ability to perform basic work-related activities."

We have repeatedly held that an ALJ may discount a medical opinion that relies on subjective statements rather than clinical findings. *See, e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). A conservative course of treatment can also justify discounting a treating physician's finding of total disability. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). And an ALJ may properly consider a claimant's "demeanor and appearance at the hearing." *Matney ex rel Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Accordingly, the ALJ's determination that Evans did not suffer from a severe mental impairment was supported by substantial evidence.

4. The ALJ also did not err in discounting Evans's symptom testimony because she provided "specific, clear and convincing reasons" to reject it. *See Tommasetti*, 533 F.3d at 1039. In assessing symptom testimony, the ALJ applies "ordinary techniques of credibility evaluation." *Id.* For instance, "if a claimant complains about disabling pain but fails to seek treatment," an ALJ "may use such failure as a basis for finding the complaint unjustified or exaggerated." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). It is likewise "a permissible inference" to conclude that a claimant's pain is "not as all-disabling as he reported in light of the fact that he did not seek an aggressive treatment program." *Tommasetti*, 533 F.3d at 1039.

Here, the ALJ found Evans's testimony not "wholly credible" because she found it inconsistent with the objective medical evidence and with Evans's irregular and conservative treatment. This explanation is supported by the record. The ALJ reasonably contrasted Evans's failure to seek more aggressive treatment with his testimony that he was bedridden and could barely hold an empty glass because of pain. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

5. Because the ALJ properly discounted Evans's testimony and the opinions of the treating physicians, the ALJ committed no error in omitting any additional restrictions based on those rejected statements in evaluating Evans's residual functional capacity.

**AFFIRMED.**