NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL WILLIAMS,

             Plaintiff-Appellant,

   v.

ANDREW M. SAUL, Commissioner of
Social Security,

             Defendant-Appellee.

No.   18-35365

D.C. No. 3:17-cv-05659-JLR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 3, 2020**

Before:    GOODWIN, FARRIS, and LEAVY, Circuit Judges.

    Michael Williams appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Williams's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g). We review de novo, *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002), and we affirm.

The administrative law judge ("ALJ") reasonably interpreted the 2014 opinions of Dr. Bumstead. *See id.* ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ provided specific and legitimate reasons to reject in part the controverted later opinions of Dr. Bumstead. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence."); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discount a medical opinion that is not supported by the record as a whole or by objective medical findings); *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (ALJ may reject inconsistent opinions by the same physician).

We find no error in the ALJ's consideration of Dr. Hale's opinion, which the ALJ found consistent with the longitudinal treatment record. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence of record.").

The ALJ gave specific, clear, and convincing reasons for discounting Williams's testimony regarding the severity of his symptoms, including a lack of supporting medical evidence and the fact that he turned down a job for reasons unrelated to his impairments. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (standard for rejecting claimant's testimony regarding severity of symptoms; "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly considered that claimant reported not working due to being laid off, rather than due to injury, in evaluating claimant's subjective pain testimony). Any error in the ALJ's additional reasoning was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason to discount a claimant's symptom testimony is, at most, harmless error where ALJ provides other reasons that are supported by substantial evidence).

**AFFIRMED**.